UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEFFRARD SAXON, *et al.,*

    Plaintiffs,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

C.A. No. 06-1750 (RWR)

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, District of Columbia (hereinafter "the District"), by and through counsel, responds to the Complaint, as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the specifically numbered paragraphs set forth in the Complaint, the defendant District of Columbia responds in like-numbered paragraphs as follows:

#### Introduction

1-3.    The District denies the allegations set forth in paragraphs 1 through 3 of the Complaint.

4.    This defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 4 of the Complaint. To the extent a response is required, this defendant denies the allegations.

<u>The Parties</u>

5-6. This defendant is without sufficient information to either admit or deny the allegations set forth in paragraphs 5 and 6 of the Complaint.

7. The District acknowledges its status as a municipal government.

<u>Jurisdiction and Venue</u>

8-9. This defendant acknowledges the statutory authorities cited in paragraphs 8 and 9 of the Complaint, but denies that jurisdiction and venue are necessarily conferred therefrom.

<u>Inapplicability of D.C. Code § 12-309</u>

10. The allegations set forth in paragraph 10 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, this defendant denies the allegations.

<u>Facts</u>

11-15. This defendant lacks sufficient information at this time to either admit or deny the allegations set forth in paragraphs 11 through 16 of the Complaint. To the extent a response is required, this defendant denies the allegations.

16. The allegations set forth in paragraph 16 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

17. This defendant lacks sufficient information at this time to either admit or deny the allegations set forth in paragraph 17 of the Complaint. To the extent a response is required, this defendant denies the allegations.

18. The allegations set forth in paragraph 16 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant.

### First Cause of Action – Violation of 42 U.S.C. § 1983

19. The District reasserts each and every response contained in paragraphs 1 through 18 above as if fully set forth herein and hereby incorporates them by reference.

20-23. The allegations set forth in paragraphs 20 through 23 are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

24-26. This defendant denies the allegations set forth in paragraphs 24 through 26 of the Complaint.

27. The Court records speak for themselves.

28-34. This defendant denies the allegations set forth in paragraphs 28 through 34 of the Complaint.

### Second Cause of Action – Breach of Bailment
### (On Behalf of Plaintiff Saxon Only)

35. The District reasserts each and every response contained in paragraphs 1 through 34 above as if fully set forth herein and hereby incorporates them by reference.

36-38. The allegations set forth in paragraphs 36 through 38 are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

39-41. This defendant denies the allegations set forth in paragraphs 39 through 41 of the Complaint.

Third Cause of Action – Negligence
(On Behalf of Plaintiff Saxon Only)

42.     The District reasserts each and every response contained in paragraphs 1 through 41 above as if fully set forth herein and hereby incorporates them by reference.

43.     The allegations set forth in paragraph 43 of the Complaint are the legal conclusions of the pleader to which no response is required from this defendant. To the extent that a response is required, this defendant denies the allegations.

44-46.  This defendant denies the allegations set forth in paragraphs 44 through 46 of the Complaint.

Further answering, the District denies all allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to.

### THIRD DEFENSE

Plaintiffs' claims are not cognizable under the Fifth Amendment.

### FOURTH DEFENSE

Plaintiffs' claims do not rise to the level of constitutional violations.

### FIFTH DEFENSE

The actions of this defendant, by and through its agents/or employees were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

### SIXTH DEFENSE

The actions of this defendant, by and through its agents and/or employees, were taken in good faith and with a reasonable belief in their lawfulness.

## SEVENTH DEFENSE

The actions of this defendant, by and through its agents and/or employees, complied with all applicable laws and met or exceeded all applicable standards of care.

## EIGHTH DEFENSE

If plaintiffs were injured as alleged in the Complaint, such injuries were the result of the criminal or wrongful acts of third persons and not this defendant, its employees or agents.

## NINTH DEFENSE

If plaintiffs were injured as alleged in the Complaint, such injuries were the result of their sole or contributory negligence and/or assumption of the risk.

## TENTH DEFENSE

Plaintiffs may have failed to mitigate their damages.

## ELEVENTH DEFENSE

The doctrine of laches and/or the applicable statutes of limitations may bar this action.

## TWELFTH DEFENSE

Plaintiffs cannot prove facts sufficient to maintain a cause of action against the defendant District of Columbia pursuant to 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

This defendant denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, statutory and operational standards, and negligence.

## FOURTEENTH DEFENSE

Plaintiffs may have failed to fully comply with the mandatory requirements of D.C. Official Code § 12-309.

### FIFTEENTH DEFENSE

The public duty doctrine may bar plaintiff's claims.

### SIXTEENTH DEFENSE

The District may not be held liable for the criminal conduct of a third person, not employed or otherwise associated with the District unless the criminal act was foreseeable, and the District failed to take action to prevent it.

### SEVENTEENTH DEFENSE

There was no bailment between the District of Columbia and plaintiffs.

### SET-OFF

This defendant claims a set-off for any and all funds paid to plaintiffs by this defendant, including any grants or other public funds made available to plaintiffs or on plaintiffs' behalf.

### JURY DEMAND

This defendant demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that the plaintiffs' Complaint be dismissed with prejudice, with costs awarded. FURTHER, this defendant reserves the right to amend this answer pursuant to Fed. Rule Civ. Procedure 15.

        Respectfully submitted,

        EUGENE A. ADAMS
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 442-9845; (202) 727-6295
Leticia.Valdes@dc.gov