UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **GEFFRARD SAXON, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | No. 06-1750 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT SUBMISSION PURSUANT TO LOCAL RULE 16.3

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d) the parties hereby respectfully submit this joint report. Descriptions of the parties' respective positions as to each issue set forth in Local Rule 16.3(c) are set forth below. The parties' alternative proposed orders are filed as attachments to this report.

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

No dispositive motion has been filed to date. Plaintiffs believe that, depending on the results of fact discovery, portions of the case may be amenable to summary judgment. The District believes that this matter may be disposed of in its entirety by dispositive motion. Each party proposes a schedule for summary judgment briefing as set forth in its response to issue No. 6, *infra*, and in its proposed scheduling order.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The parties agree that all parties shall be joined and that any amendments to pleadings be completed within 90 days of the entry of the scheduling order by the Court. The parties are

willing to explore whether certain factual and legal issues can be agreed to or narrowed at this time.

**3.   Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe that the case should be assigned to a magistrate for all purposes.

**4.   Whether there is a realistic possibility of settling the case.**

The District does not believe that settlement is possible without the benefit of discovery. The parties are willing to explore the possibility of settlement at the appropriate time.

**5.   Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that the case would benefit from alternative dispute resolution procedures at this time.

**6.   Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiffs believe that portions of the case may be amenable to summary judgment. The District believes that this matter may be disposed of in its entirety by dispositive motion

The parties propose the following schedule for summary judgment briefing: (a) all motions for summary judgment shall be filed by not later than 30 days after the close of discovery; (b) all responses shall be filed by no later than 30 days of the filing of the initial motion; (c) all replies shall be filed by no later than 15 days of the filing of the initial motion.

**7.   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to follow the procedures set forth in Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2 for the exchange of initial disclosures.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

**Plaintiffs:**    At present, plaintiffs believe that a five month fact discovery period would be appropriate.  Plaintiffs anticipate written discovery to defendant and other third parties involved with the closure, theft, and surrounding events at issue, as well as depositions of representatives of defendant and third parties with relevant information.  The exact number of depositions needed cannot be known until the relevant individuals are identified.  At present, plaintiffs do not believe that limits on discovery beyond those set forth in the federal and local rules are necessary.

**Defendant:**    The defendant believes that the presumptive limits for complex litigation should apply.  The defendant believes that depositions be limited to 10 for each side, and a limit of 25 interrogatories per side. *See* LCv R. 30.2. The defendant further reserves the right to seek the entry of appropriate protective orders for high ranking officials of the District of Columbia government, and/or for the release of any personnel records.

**9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

**Plaintiffs:**    Plaintiffs propose the following schedule for expert discovery:

(a)    Experts shall be identified and expert reports disclosed as described by Fed. R.Civ. P. 26(2)(B) within 170 days of the entry of the scheduling order.

(b)    Rebuttal experts, as described by Fed. R.Civ. P. 26(2)(C), shall be identified and rebuttal reports disclosed within 190 days of the entry of the scheduling order.

3

(c)     Depositions of all experts shall be conducted within 210 days of the entry of the scheduling order.

**Defendant:**    The defendant proposes that plaintiff's expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) be identified within 60 days of the entry of the scheduling order with rebuttal expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(C) be identified within 45 days after plaintiffs have identified their experts. All experts shall be deposed prior to the close of discovery.

**10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not Applicable.

**11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**Plaintiffs:**    Plaintiffs do not believe bifurcation of either the trial or discovery is necessary.

**Defendant**:    The defendant reserves the right to seek bifurcation if appropriate.

**12.    The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that a pretrial conference be held within 45 days of the Court's ruling on any motion for summary judgment, or within 45 days of the close of discovery if no motion for summary judgment is filed.

**13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**Plaintiffs:**    Plaintiffs respectfully request that the Court set a firm trial date at the first scheduling conference.

**Defendant**:    The defendant proposes that a trial date be set following a decision on any dispositive motion filed in this matter, and/or that the trial date be set at the Pretrial Conference.

4

**14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

   None at this time.

**15.    Parties' Brief Description of Case**

**Plaintiffs' Brief Description of Case**: Plaintiffs are former tenants of residential buildings in Southeast Washington, DC. Plaintiffs are suing the District of Columbia ("District") for its violation of their procedural due process rights when it evicted them from their apartments and ordered plaintiffs to leave their property in the District's control without affording plaintiffs notice and a right to a hearing, either pre-deprivation or post-deprivation. In addition, plaintiff Geffrard Saxon is suing the District in bailment and negligence for its failure to safeguard his personal property as it promised to do after evicting him and ordering him to leave his personal property in the District's care.

   The buildings at issue are located at 5505 and 5509 D Street, SE, Washington, DC (the "Building"). On or about October 26, 2004, the District conducted an inspection of the Building. Following the inspection, the District permitted plaintiffs to continue to reside in the Building. The next day, representatives of the District returned to the Building and ordered plaintiffs to vacate immediately. The District instructed plaintiffs to leave the vast majority of their personal property in the Building. Plaintiffs were assured that the District would safeguard their personal property. The District did not provide plaintiffs with any notice or a hearing, be it pre-deprivation or post-deprivation, to challenge either the closure of the Building or the instructions to leave their property in the Building. Plaintiffs seek damages and injunctive relief for the District's violation of their procedural due process rights pursuant to 42 U.S.C. § 1983.

Following the eviction, when the District was supposedly safeguarding plaintiff Saxon's personal property, the property was stolen. Plaintiff Saxon seeks damages for defendants' breach of bailment and negligence.

**Defendant's Brief Description of Case**: Plaintiffs claim to be former tenants in S.E., Washington, D.C. They allege that the District improperly evicted from their residence without due process, and their personal property was stolen by third parties, not associated with the District. Plaintiffs' claims do not rise to the level of constitutional violations.

                Respectfully Submitted,

                _____
                Daniel A. Cantor (DC Bar No. 457115)
                ARNOLD & PORTER, LLP
                555 Twelfth Street, N.W.
                Washington, DC 20004-1206
                (202) 942-5000 (phone)
                (202) 942-5999 (fax)

                Counsel for Plaintiffs

                LINDA SINGER
                Acting Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                  /s/ Patricia A. Jones
                PATRICIA A. JONES [428132]
                Chief, General Litigation, Section IV

                  /s/ Leticia L. Valdes
                LETICIA L. VALDES [0461327]
                Assistant Attorney General
                441 4th Street, N.W.
                Sixth Floor South
                Washington, D.C. 20001
                (202) 442-9845; (202) 727-6295
                Leticia.valdes@dc.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEFFRARD SAXON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 06-1750 (JDB) |
| v. | ) ) ) | |
| DISTRICT OF COLUMBIA, | ) ) | |
| Defendant. | ) ) | |

### [PLAINTIFFS' PROPOSED] SCHEDULING ORDER

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, it is on this ____ day of _____, 2007, hereby

ORDERED that the following schedule shall govern the proceedings in this action:

1. Initial disclosures as described by Fed. R.Civ. P. 26(a)(1) shall be made within 14 days of the entry of this Order.

2. All parties shall be joined and all amendments to pleadings completed within 90 days of the entry of this Order.

3. Discovery shall be completed within 150 days of this Order.

4. Expert discovery shall be completed by the close of discovery as follows:

(a) Experts shall be identified and expert reports disclosed as described by Fed. R.Civ. P. 26(2)(B) within 170 days of the entry of this Order.

(b) Rebuttal experts, as described by Fed. R.Civ. P. 26(2)(C), shall be identified and rebuttal reports disclosed within 190 days of the entry of this Order.

1

(c) Depositions of all experts shall be completed within 210 days of the entry of this Order.

5. Any motion for summary judgment shall be filed by no later than 30 days after the close of discovery.  A response shall be filed by no later than 30 days after the filing of the initial motion.  A reply, if any, shall be filed by no later than 45 days after the filing of the initial motion.

6. The pretrial conference shall be held within 45 days of the Court's ruling on a motion for summary judgment.  If no motion for summary judgment is filed, the pretrial conference shall be held within 45 days after the close of discovery.

IT IS SO ORDERED.

JOHN D. BATES
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEFFRARD SAXON, *et al.*,

    Plaintiffs,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

C.A. No. 06-1750 (RWR)

## [DEFENDANT'S PROPOSED] SCHEDULING ORDER

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, it is on this ____ day of _____, 2007, hereby

ORDERED that the following schedule shall govern the proceedings in this action:

1.     All additional parties shall be joined and all amendments to pleadings completed within 90 days of the entry of this Order.

2.     Discovery shall be completed within 180 days of this Order.

3.     Each side may conduct 10 depositions, and propound 25 interrogatories to the other side.

4.     Expert discovery shall be completed by the close of discovery as follows:

(a)     Plaintiffs' experts shall be identified and expert reports disclosed as described by Fed. R.Civ. P. 26(2)(B) within 60 days of the entry of this Order.

(b)     Rebuttal experts, as described by Fed. R.Civ. P. 26(2)(C), shall be identified and rebuttal reports disclosed 45 days after plaintiffs' disclosure of experts.

(c)     Depositions of all experts shall be completed by the close of discovery.

1

5	Any motion for summary judgment shall be filed by no later than 30 days after the close of discovery. A response shall be filed by no later than 30 days after the filing of the initial motion. A reply, if any, shall be filed by no later than 15 days after the filing of the initial motion.

6.	The pretrial conference shall be held within 45 days of the Court's ruling on a motion for summary judgment. If no motion for summary judgment is filed, the pretrial conference shall be held within 45 days after the close of discovery.

7.	The trial date shall be scheduled at the Pretrial Conference.

IT IS SO ORDERED.

_____
JOHN D. BATES
United States District Court Judge